UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MATHEW JAGGER,

        Plaintiff,

   v.

JOSEPH LEHMAN,

        Defendant.

Case No.  C05-5576FDB

ORDER DIRECTING PLAINTIFF
TO AMEND HIS COMPLAINT

    The Court, having reviewed plaintiff's complaint, and the balance of the record contained herein, does hereby find and ORDER.

    (l)    The Court declines to order that plaintiff's complaint be served on defendants until he corrects the deficiencies identified below:

    (a) In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).  In addition, plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981).  A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of

ORDER
Page - 1

supervisory responsibility or position.  Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978).  A theory of respondeat superior is not sufficient to state a § 1983 claim.  Padway v. Palches, 665 F.2d 965 (9th Cir. 1982).

(b) It does not appear plaintiff has alleged a constitutional harm.  Plaintiff alleges he was "unlawfully detained past his Earned Early Release Date."  A prison inmate has no constitutional right to release before expiration of his or her sentence.  Greenholtz v. Inmates of Nebraska, 442 U.S. 1 (1979).  Washington State appellate courts recognized an independent state created interest in amassing early release credits.  In Re Galvez, 79 Wn. App 655 (1995).  The Washington State Court of Appeals, Division 1, found there to be a "limited liberty interest" in earned early release credit which requires minimal due process.  In re Crowder, 97 Wn. App. 598 (1999). In Dutcher the same appellate court emphasized it was proceeding under RAP 16.4, which did not require a finding of a constitutional violation but rather only a finding of unlawful restraint under state law.  Dutcher, supra at p. 758 (fn. 3 and 4, *citing* In re Cashaw, 123 Wn. 2d 138 (1994)).

The plaintiff in Cashaw filed a personal restraint petition (PRP) which challenged the actions of the Indeterminate Sentence Review Board in setting his minimum prison term to coincide with the remainder of his court-imposed maximum sentence.  The Court of Appeals granted the "PRP after concluding the Board's failure to follow its own procedural rules violated Cashaw's due process rights."  Cashaw, supra, at p. 140.  While the Washington Supreme Court affirmed the grant of the PRP, it did so on the ground that "an inmate may be entitled to relief solely upon showing the Board set a minimum term in violation of a statute or regulation."  Cashaw at p. 140.  The Washington Supreme Court disagreed, however, with the Court of Appeals and found "that no due process liberty interest was created here, for the Board's regulations imposed only procedural, not substantive, requirements."  Cashaw at p. 140.  The state court affirmed the notion that "procedural laws do not create liberty interests; only substantive laws can create these interests."  Cashaw, supra at p. 145.  The Washington State Supreme Court in Cashaw was careful to grant relief only on state grounds.  Indeed, the State Supreme Court in Cashaw analyzed what is needed to find a state created liberty interest and found no due process violation in that case.  The court stated:

> Liberty interests may arise from either of two sources, the due process clause and state laws. Hewitt v. Helms, 459 U.S. 460, 466, 103 S.Ct. 864, 868, 74 L.Ed.2d 675 (1983); Toussaint v. McCarthy, 801 F.2d 1080, 1089 (9th Cir.1986), cert. denied, 481 U.S. 1069, 107 S.Ct. 2462, 95 L.Ed.2d 871 (1987). The due process clause of the federal

ORDER
Page - 2

constitution does not, of its own force, create a liberty interest under the facts of this case for it is well settled that an inmate does not have a liberty interest in being released prior to serving the full maximum sentence. Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 2103, 60 L.Ed.2d 668 (1979); Ayers, 105 Wash.2d at 164-66, 713 P.2d 88; Powell, 117 Wash.2d at 202-03, 814 P.2d 635.

However, as indicated above, state statutes or regulations can create due process liberty interests where none would have otherwise existed. See Hewitt, 459 U.S. at 469, 103 S.Ct. at 870; Toussaint, 801 F.2d at 1089; Powell, 117 Wash.2d at 202-03, 814 P.2d 635. By enacting a law that places substantive limits on official decisionmaking, the State can create an expectation that the law will be followed, and this expectation can rise to the level of a protected liberty interest. See Toussaint, 801 F.2d at 1094.

For a state law to create a liberty interest, it must contain "substantive predicates" to the exercise of discretion and "**specific directives to the decisionmaker that if the regulations' substantive predicates are present, a particular outcome must follow**". Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 463, 109 S.Ct. 1904, 1910, 104 L.Ed.2d 506 (1989); Swenson v. Trickey, 995 F.2d 132, 134 (8th Cir.), cert. denied, 510 U.S. 999, 114 S.Ct. 568, 126 L.Ed.2d 468 (1993). **Thus, laws that dictate particular decisions given particular facts can create liberty interests, but laws granting a significant degree of discretion cannot.**

In Re Cashaw, 123 Wn 2d at 144 (emphasis added).

The Department of Corrections has been mandated by statute to implement a system that allows for the possibility of early release. For some inmates their release is automatic when they reach their earned early release date because they have no supervision following incarceration. Inmates like the plaintiff, who were sentenced to community placement or community custody, cannot earn this reduction in sentence. Instead, they earn a possibility of being placed on community placement or community custody at the discretion of the Department of Corrections. Their release is not automatic.

In Dutcher, the Court of Appeals proceeded pursuant to RAP 16.4 (Personal Restraint Petition - Grounds for Remedy). The court used a standard of review which did not require the finding of a constitutional violation. The ruling in Dutcher that the department must follow the state statutory system and consider plans on the merits does not equate to a finding of a state created liberty interest in release and the holding in Dutcher did not eliminate the departments' discretion.

In 1995 the United States Supreme Court examined the methodology used to determine if state laws or regulations created liberty interests in a prison context and the Court adopted a new approach. Sandin v. Conners, 515 U.S. 472 (1995). As plaintiff notes, the Court stated "[t]hese interests will be generally limited to freedom from restraint which impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." (Dkt. # 36, page 7). The decision in Sandin was a

reaction to the practice of combing state regulations for mandatory language to find liberty interests. The refusal to investigate a proposed plan does not lead to violation of a constitutionally protected right. There is no change in the incidents of normal prison life and the inmate is held until the expiration of his sentence.

(2) Plaintiff is instructed to file an amended complaint curing, if possible, the above-mentioned defect **by October 28, 2005**. If an amended complaint is not timely filed, or if plaintiff fails to adequately correct the deficiencies identified in this Order, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915, and such dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

(3) The Clerk is directed to send plaintiff a copy of this Order and the General Order

DATED this 28th day of September, 2005.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge